**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Robert J. Sladek,** | Bankruptcy No. 15-05177 |
| Debtor. | Honorable Pamela S. Hollis |

**COVER SHEET FOR FINAL FEE APPLICATION OF
FACTORLAW FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Zane Zielinski, Chapter 7 Trustee for the estate of Robert J. Sladek |
| Period for Which Compensation is Sought: | July 31, 2015 – August 2, 2017 |
| Amount of Fees Sought: | $6,000 |
| Amount of Expense Reimbursement Sought: | $743.60 |
| This is an: | Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $0.00.

{00096478}

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Robert J. Sladek,** | Bankruptcy No. 15-05177 |
| Debtor. | Honorable Pamela S. Hollis |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, September 1, 2017, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: August 2, 2017    **FactorLaw**

By: */s/ Ariane Holtschlag*
One of its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00096478}                              2

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on August 2, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

                                                                     */s/ Ariane Holtschlag*

**Registrants**

(Service via ECF)

| | |
|---|---|
| Brandon C Hall | bhall@hartdavidlaw.com |
| Jonathan David Herpy | jdavid@hartdavidlaw.com, docket@hartdavidlaw.com |
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;r43923@notify.bestcase.com |
| Meghan Hubbard | meghan@hubbardlawchicago.com, nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Michael T Nigro | mike@nigrowestfall.com |
| Craig C Westfall | craig@nigrowestfall.com, ann@nigrowestfall.com |
| Zane L. Zielinski | zzielinski@wfactorlaw.com, zzielinski@ecf.epiqsystems.com |
| Zane Zielinski, Trustee | trustee@zanezielinski.com, zzielinski@ecf.epiqsystems.com |

Service List
Case 15-05177

Robert John Sladek
14312 S Twin Creek Ln
Homer Glen, IL 60491-9374

ATG Credit
1700 W Cortland St Ste 2
Chicago IL 60622-1131

Carl Kubaezewski
77 W Washington St Ste 1201
Chicago IL 60602-3242

Cavalry Investments, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-1340

Helmuts and Vitos Auto
1430 Ogden Ave
Downers Grove IL 60515-2720

Jason P Krejci & Rita Krejci
1793 Bloomingdale Rd
Glendale Heights IL 60139-3800

Karen Pierce
1945 Morningview Dr
Hoffman Estates IL 60192-4128

Med Buri Bur (MBB)
1460 Renaissance Dr
Park Ridge IL 60068-1331

Merchants Credit Guide
223 W Jackson Blvd Ste 4
Chicago IL 60606-6914

Pinnacle Credit Servicing
7900 Highway 7 #100
St Louis Park MN 55426-4045

Range Collections
PO Box 706
Hibbing MN 55746-0706

Range Credit Bureau Inc
POB 706
Hibbing MN 55746-0706

Verizon Wireless
1 Verizon PL
Alpharetta GA 30004-8510

Jason and Rita Krejci
Nigro, Westfall & Gryska, P.C.
Howard M. Turner
1793 Bloomingdale Road
Glendale Hts., IL 60139-2187

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Robert J. Sladek,** | Bankruptcy No. 15-05177 |
| Debtor. | Honorable Pamela S. Hollis |

**FACTORLAW'S FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Ariane Holtschlag and the Law Office of William J. Factor, Ltd. (collectively "**FactorLaw**"), counsel for Zane Zielinski, not individually but as the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Robert J. Sladek (the "**Debtor**"), hereby submits its final application (the "**Application**") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$6,000** for legal services performed by FactorLaw during the period of July 31, 2015 through August 2, 2017 (the "**Application Period**") and **$743.60** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "**Case**") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4.  On February 17, 2015, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101, ff. (the "**Bankruptcy Code**") thereby commencing the above captioned case (the "**Case**").

5.  During the course of his investigation, the Trustee received information from one or more creditors that there may be undisclosed assets and/or transfers belonging to the Estate.

6.  On August 14, 2015, this Court entered an order (the "**Order**") granting the Trustee authority under Rule 2004 to examine the Debtor, the Debtor's business, Capital Construction Group, Inc. ("**Capital**") and the Debtor's non-filing spouse, Tara Potempa-Sladek ("**Tara**").

7.  The Trustee made repeated attempts to obtain compliance from the Debtor and Tara in providing documentation and information pursuant to Rule 2004.

8.  On August 21, 2015, the Trustee served 2004 subpoenas and riders (the "**Subpoenas**") on the Debtor, Tara and Capital by emailing the Subpoenas to attorney Jonathan Herpy ("**Herpy**"). Herpy, as counsel to the Debtor, Tara and Capital, consented and accepted such service on behalf of all entities.

9.  Neither the Debtor, Tara nor Capital responded to the Subpoenas.

10. On February 10, 2016, the Trustee sought compliance with the Subpoenas by sending copies of the Subpoenas to the Debtor, Tara and Capital directly via certified mail. All items of correspondence were returned as unclaimed.

11. In April of 2016, the Trustee again sought compliance with the Subpoenas by sending copies of the Subpoenas to the Debtor, Tara and Capital directly via personal service.

{00096478}                                        5

12. The Subpoena was served on Tara by special process server at 15351 W. 143rd, Homer Glen, IL on April 14, 2016.

13. The Debtor, as the intended recipient both personally and as the sole representative of Capital evaded service by the special process server.

14. On August 23, 2016, Tara's failure to comply with the Subpoena required the Trustee to file a motion for civil contempt against her.

15. On January 31, 2017, the Debtor's failure to comply with the Subpoenas both personally and on behalf of Capital required the Trustee to file a motion for civil contempt against him.

16. In response to the Trustee's motion for civil contempt the Debtor and Tara made document production and provided sworn affidavits.

17. Based on the production and sworn statements, a settlement was reached in the amount of $15,000 which was approved by this Court on April 7, 2017.

## FEE APPLICATION

### I.  Services performed.

18. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

19. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

A. *Summary of Services by professional.*

20. FactorLaw spent a total of 50.5 hours at a cost of $13,638.75 in connection with this Case during the Application Period.

21. Despite the extensive time and effort expended by FactorLaw in pursuing this matter on behalf of the Trustee, the Trustee has insisted that FactorLaw reduce the fees sought in this application to only $6,000.

22. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275/$325[1] | 34.3 | $9,191.25 |
| Meghan Hubbard | Of Counsel | $300 | 13.2 | $3,960.00 |
| Samuel Rodgers | Paralegal | $100 | 1.3 | $130.00 |
| Thomas Griseta | Associate | $200 | 1.6 | $320.00 |
| William J. Factor | Partner | $375 | .1 | $37.50 |
| | | **Totals:** | **50.5** | **$13,638.75** |

B. *Itemization of fees by category of Services rendered.*

23. **Case Administration.** FactorLaw spent a total of 11.3 hours at a cost of $3,440.00 on matters relating to case administration.

24. A breakdown of the professionals providing Services in this category is as follows:

---

[1] Ms. Holtschlag's hourly rate was increased to $275.00 effective January 1, 2016, and again to $325.00 effective June 1, 2017 in the ordinary course of FactorLaw's annual rate adjustments.

{00096478}  7

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275/$325 | 10.1 | $3,072.50 |
| Meghan Hubbard | Of Counsel | $300 | 1.5 | $450.00 |
| William J. Factor | Partner | $375 | .1 | $37.50 |
| | | Totals: | 11.3 | $3,440.00 |

25. **Rule 2004 Proceedings.** FactorLaw spent a total of 17.5 hours at a cost of $4,845.00 on matters relating preparing and prosecuting the Rule 2004 Proceedings.

26. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275/$325 | 5.0 | $1,375.00 |
| Meghan Hubbard | Of Counsel | $300 | 10.3 | $3,090.00 |
| Samuel Rodgers | Paralegal | $100 | .6 | $60.00 |
| Thomas Griseta | Associate | $200 | 1.6 | $320.00 |
| | | Totals: | 17.5 | $4,845.00 |

27. **Contempt Proceedings**. FactorLaw spent a total of 12.3 hours at a cost of $2,957.50 on contempt proceedings.

28. A breakdown of the professionals providing Services in this category is as follows:

{00096478} 8

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275/$325 | 10.5 | $2,557.50 |
| Meghan Hubbard | Of Counsel | $300 | 1.1 | $330.00 |
| Samuel Rodgers | Paralegal | $100 | .7 | $70.00 |
| | | Totals: | 12.3 | $2,975.50 |

29. **Settlement**. FactorLaw spent a total of 9.4 hours at a cost of $2,396.25 in negotiating and obtaining approval of the settlement.

30. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275/$325 | 8.7 | $2,186.25 |
| Meghan Hubbard | Of Counsel | $300 | .7 | $210.00 |
| | | Totals: | 9.4 | $2,396.25 |

**II. Expenses.**

31. FactorLaw incurred $743.60 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

32. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

### III. FactorLaw's retention was appropriate through the Application Period.

33. During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

34. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

35. Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

36. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

37. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

38. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

39. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

40. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $130.43. The compensation requested by the FactorLaw is well below what is reasonable

{00096478}  11

based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

    **WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

    A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$6,000**;

    B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$743.60**;

    C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$6,743.60**; and

    D. Granting such other relief as the Court deems just and equitable.

Dated: August 2, 2017                                        **FactorLaw**

                                                                       By: */s/ Ariane Holtschlag*
                                                                          One of Its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:   (847) 574-8233
Email:  aholtschlag@wfactorlaw.com